### SPLITTING A DEBT AND ASSIGNING PART. .

Circuit Court of Summit County.

THE CITY OF AKRON v. ELIAS S. DAY ET AL.

Decided, April, 1907.

*Assignment of Part of Fund Due City Contractor—Acceptance by City.*

An order drawn on a fund due a city contractor, if accepted by the fiscal officers of the city, must be paid out of appropriations made by the council for the payment of the contractor.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

On June 30th, 1900, James McGowan, contractor, working on a city improvement under a contract with the city of Akron gave to Elias S. Day, defendant in error, an order on the city of Akron for $400 payable out of money due said McGowan under said contract. On the same day said Day presented said order to Charles H. Isbell, who was then clerk of the city of Akron and also clerk of the board of city commissioners, who received and filed it, told Day that the order would be paid when money was payable to McGowan under his contract, and notified the board of city commissioners that the order had been presented. Thereafter an ordinance was duly passed by the city counsel directing the payment to McGowan of the sum of $973 due him under his contract.

The law then governing the city of Akron required for the payment of the money due McGowan that an order on the city treasurer be drawn signed by the city clerk and countersigned by the chairman of the board of city commissioners. Such order for the sum of $973 payable to McGowan was duly drawn August 7, 1900, endorsed by McGowan, collected by one of the board of city commissioners and the proceeds expended by him in paying certain creditors of McGowan, including an order for $200 held by the city clerk himself, but no part of the money was paid to Day on his order. It further appears that the contract between McGowan and the city specifically provided that no

assignment should be made by him of moneys due or to become due thereunder, without the consent of the city, but such is the law in the absence of any express provision of the contract. Consent to the assignment in such case, however, is inferred from very slight circumstances.

We think this case comes squarely under the decision in *Robbins* v. *Klein,* 60 O. S., 199. I quote from page 202 of the decision:

"Doubtless it was at one time the established doctrine at least at law, that a creditor had no right to split his debt and assign a part of it unless the debtor consented to the transaction. This court, however, held quite recently (*P., C., C. & St. L. Ry. Co.* v. *Volkert,* 58 Ohio St., 362), that whatever the rule at law may have been, or now is, in equity an assignment of a part of a debt will be upheld without regard to the consent of the debtor. But whether that rule prevails or not is immaterial to the question here, for when in due course of mail the bank received the note and order involved, and filed them away without objection, it should be held to have thereby consented to the assignment. It was a matter of very slight consequence to the bank whether it paid the amount of the deposit by a single act to the depositor in person or whether it was paid at different times to a number of persons to whom parts of it had been assigned, while to the several assignees it might be a matter of the highest concern. Under such circumstances, justice and fair dealing require that the consent of the debtor should be inferred from very slight circumstances. No other purpose than to have the note in question paid out of the fund in the hands of the bank could have actuated Robbins & Co. to procure the order and afterwards send it to the bank together with the note. That purpose the bank must have perceived when the note and order were received by it. With the knowledge of this purpose the bank without objection received the note and order and filed them away. If the bank had not intended to consent to that division of the debt which was necessary to pay the note, its duty was to promptly return the note and order to Robbins & Co. The omission of the bank to pursue this course, together with its action in receiving and retaining the note and order and filing them away, are not circumstances that bear only slightly on the question. On the contrary, they possess a cogency not only amply sufficient to establish the consent of the bank to a division of the fund and payment of the order, but make any other inference irrational. Therefore, if the order was suffi-

cient in substance to have a valid operation, the right of Robbins & Co. under it should be regarded as complete from the date it was received and filed by the bank.    This brings us to a consideration of the order itself.''

What are the circumstances in the case at bar indicating that the city of Akron consented to the assignment by McGowan of part of the money coming to him under his contract?

The order was presented to the proper officer of the city on June 30th.    He at once notified the board of city commissioners, so that all the officers of the city controlling the disbursement of funds of the city ordered by the city council to be paid out had notice of the order.    No money was paid out under McGowan's contract until August 17, 1900, and for more than five weeks Day rested quietly, relying, as he had a right to rely, upon his order being paid by the city.    If the city had not intended to pay the order, it should have returned it to Day without delay and so notified him.    Its consent to the assignment under the order of part of the money due McGowan is to be inferred.    In the language of the decision just quoted, any other inference is irrational.

It is contended, however, that under the law governing Akron at the time, Section 1693, Revised Statutes, the order could not be accepted or paid except on resolution of the council and of the board of city commissioners.    An unconditional acceptance, binding the city to pay, whether it owed McGowan anything or not, might require such action, but an order on a fund payable by the city and duly appropriated by it, would not.    The fiscal officers of the city, in such case, could bind it to a consent that money due under a contract be assigned and that an order for such money be accepted.

Judgment affirmed.